**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN CANONICO, | Case No. 2:25-cv-01555-GMN-NJK |
| Petitioner, | **ORDER** |
| v. | |
| WILLIAMS, et al., | |
| Respondents. | |

Petitioner Steven Canonico commenced this federal habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and a Motion for Appointment of Counsel. (ECF Nos. 1-1 ("Petition"), 11.)  Following an initial review of the Petition, the Court deferred ruling on the Motion for Appointment of Counsel and instructed Canonico to show cause why his Petition should not be dismissed with prejudice as time barred. (ECF No. 15.)  Canonico timely filed his response. (ECF No. 16.)  For the reasons discussed below, the Court finds that Canonico has shown sufficient cause for why the Petition should not be dismissed, grants Canonico's Motion for Appointment of Counsel, and orders the Petition to be served upon Respondents.

**I.    BACKGROUND**[1]

Canonico challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("State Court"). *State of Nevada v. Steven Canonico*, C-22-364050-1.  On July 28, 2023, following a guilty plea, the State Court entered a Judgment of Conviction, adjudging

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts.  These dockets are found at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Canonico guilty of Residential Burglary and sentencing him to 8 to 10 years in prison. Canonico appealed on September 22, 2023, but the Nevada Supreme Court dismissed the appeal as untimely on November 3, 2023. *Steven Anthony Canonico v. State of Nevada*, No. 87438.

Canonico commenced a federal habeas action in case number 2:23-cv-01460-CDS-MDC on September 18, 2023. That Court issued an Order to Show Cause, instructing Canonico to show cause why his Petition should not be dismissed as unexhausted and premature given that Canonico had yet to file a state habeas petition. (ECF No. 14 in 2:23-cv-01460-CDS-MDC.) In that Order, dated April 30, 2024, the Court stated that "Canonico has approximately 123 days of his one-year federal filing period remaining, and he has approximately 93 days of his one-year state filing period remaining." (*Id.* at 3.) Later, in that Court's Dismissal Without Prejudice Order, dated June 4, 2024, it implied that a stay was not appropriate given that (1) "Canonico may still be able to timely file a state postconviction petition," and (2) Canonico "does not argue . . . that he has valid reasons to be concerned about being able to file a timely federal petition if this case is dismissed without prejudice." (ECF No. 16 in 2:23-cv-01460-CDS-MDC.)

Canonico then simultaneously filed a State Habeas Petition and a second Federal Habeas Petition. Canonico's State Habeas Petition was filed on July 30, 2024. *Steven Canonico v. State of Nevada*, A-24-898674-W. And Canonico's Federal Habeas Petition was filed on July 29, 2024, in case number 2:24-cv-01398-RFB-BNW. The State Court denied Canonico post-conviction relief, Canonico appealed, and the Nevada Court of Appeals affirmed on September 16, 2025, finding that Canonico's State Habeas Petition was untimely by two days. *Canonico v. State of Nevada*, No. 90104-COA. And in his federal habeas action, the Court issued an Order to Show Cause, instructing Canonico to show cause why his Petition should not be dismissed as unexhausted given that Canonico's state habeas action was still in progress. (ECF No. 3 in 2:24-

cv-01398-RFB-BNW.)  Within that Order to Show Cause, the Court informed Canonico that he could request that a stay be granted. (*Id.*)  Later, in the Court's Dismissal Without Prejudice Order, the Court noted that "Canonico provides that he was concerned about being able to file a timely federal habeas petition, but he does not demonstrate that a stay and abeyance under the *Rhines* test is warranted." (ECF No. 7 in 2:24-cv-01398-RFB-BNW.)  The Court also stated that "Canonico may file his petition in a new case following exhaustion of his claims in state court." (*Id.*)

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254.  The 1-year limitation period begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's Judgment of Conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).  The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

As discussed in this Court's Order to Show Cause, Canonico's conviction became final when the time expired for filing a direct appeal to the Nevada appellate courts on August 27, 2023.[2]

---

[2] Although Canonico filed a direct appeal, it was dismissed by the Nevada Supreme Court as untimely.  And, importantly, if a petitioner files an appeal that is later dismissed as untimely, finality occurs on the date the petitioner had to file a timely appeal, not the date the state appellate court dismissed the appeal as untimely. *Randle v. Crawford*, 604 F.3d 1047, 1057 (9th Cir. 2010).

1   *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk

2   within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565

3   U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the

4   judgment becomes 'final' on the date that the time for seeking such review expires").  The federal

5   statute of limitations thus began to run the following day: August 28, 2023.  Canonico's limitations

6   period expired 1 year later on August 28, 2024.[3]  Accordingly, under these calculations, Canonico

7   filed his Petition 357 days after his AEDPA limitation period expired.

8       In his response to the Order to Show Cause, Canonico argues that he was misled by this

9   Court when, in case number 2:24-cv-01398-RFB-BNW, he was denied a stay and was told he

10  could pursue a new federal habeas action after his state court proceedings concluded. (ECF No.

11  16.)  Thus, Canonico asks this Court to find that he is entitled to equitable tolling. (*Id.*)

12      AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland*

13  *v. Florida*, 560 U.S. 631, 645 (2010).  Equitable tolling is appropriate when (1) a petitioner has

14  been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and

15  prevented timely filing. *Id.* at 649.  To satisfy the first element, a petitioner "must show that he has

16  been reasonably diligent in pursuing his rights not only while an impediment to filing caused by

17

18  ────────────────
[3] Although Canonico filed a State Habeas Petition, it would only toll the federal limitations period
19  if it was "properly filed."  The Supreme Court has held that if a habeas petitioner's state
    postconviction petition was rejected by the state court as untimely, it is not "properly filed" within
20  the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v.
    DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA
21  petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §
    2244(d)(2)."); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed'
22  when its delivery and acceptance are in compliance with the applicable laws and rules governing
    filings. These usually prescribe, for example, the form of the document, the time limits upon its
23  delivery, the court and office in which it must be lodged, and the requisite filing fee.").  Canonico's
    State Habeas Petition was not properly filed given that it was found to be untimely under state
    procedural rules.

an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc).  To satisfy the second element, a petitioner must demonstrate that the "extraordinary circumstances" were the *cause* of his untimeliness.  *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017).  As is relevant here, the Supreme Court has indicated that equitable tolling may be appropriate where a court misleads a habeas petitioner.  *Pliler v. Ford*, 542 U.S. 225, 234 (2004).  Indeed, the Ninth Circuit has applied equitable tolling principles where either a state or federal court's remarks resulted in the petitioner's untimely filing.  *See Sossa v. Diaz*, 729 F.3d 1225, 1229, 1237 (9th Cir. 2013) (holding petitioner entitled to equitable tolling where he reasonably relied on a magistrate judge's orders extending his habeas filing deadline); *Rudin v. Myles*, 781 F.3d 1043, 1059 (9th Cir. 2015) ("[O]nce the state post-conviction relief court excused [petitioner's] delay and deemed her petition 'properly filed,' [petitioner] remained entitled to statutory tolling in federal court.").

Here, the Court in 2:24-cv-01398-RFB-BNW declined to grant Canonico a stay even though he indicated that he had filed his Federal Habeas Petition in that action as a protective petition. *See Rhines*, 544 U.S. at 278 (explaining that where a petitioner is attempting in good faith to exhaust state remedies but is unsure whether state proceedings for post-conviction relief are "properly filed" under 28 U.S.C. § 2244(d)(2), he may file a "protective petition" in federal court and ask for a stay and abeyance of the federal habeas proceedings until he exhausts his state remedies).  The Court likely believed that Canonico's State Habeas Petition would be deemed properly filed and would statutorily toll his AEDPA limitations period, thereby finding that a stay was unnecessary.  This belief was reasonable given that Canonico's State Habeas Petition was filed a mere two days after his state limitations period had passed.  However, this ruling denying

Canonico a stay resulted in Canonico's instant Petition being untimely. Accordingly, the Court finds that Canonico's Petition is entitled to equitable tolling and finds that service is warranted.

The Court now turns to Canonico's Motion for Appointment of Counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court provisionally appoints the Federal Public Defender to represent Canonico. The Court finds that the appointment of counsel is in the interests of justice given, among other things, the unusual procedural history of this case.

## III.    CONCLUSION

It is therefore kindly Ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically provide Respondents' counsel a copy of the Petition (ECF No. 1-1), this Order, and all items previously filed in this case by regenerating the Notices of Electronic Filing, (4) send the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1), and (5) send a copy of this Order to Canonico and the CJA Coordinator for this division.

It is further Ordered that Respondents' counsel enter a notice of appearance within 21 days of entry of this Order.  No further response will be required until further order.

It is further Ordered that the Motion for Counsel (ECF No. 11) is granted.  The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Canonico by filing a notice of appearance or (2) indicate the office's inability to represent Canonico in these proceedings.  If the Federal Public Defender is unable to represent Canonico, the Court will appoint alternate counsel.  Appointed counsel will represent Canonico in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further Ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.  That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Amended Petition are not subject to dismissal as untimely.  *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

Dated:   November 6, 2025

Gloria M. Navarro, Judge
United States District Court