**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVEN CANONICO,

Petitioner,

v.

WILLIAMS, et al.,

Respondents.

Case No. 2:25-cv-01555-GMN-NJK

**ORDER**

In this habeas action, the Court addresses the parties' motions to seal exhibits and for extensions of time.

## I. Motions to Seal

There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, a Court has inherent power over its records and files and may deny access where it determines the documents may be used for "improper purposes." *See Nixon*, 435 U.S. at 598; *Kamakana*, 447 F.3d at 1179; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34 (9th Cir. 1995); *see also* Fed. R. Civ. P. 5.2(d); D. Nev. R. IA 10-5.

### A. Petitioner's Exhibit 4

Respondents seek an order directing the sealing of Petitioner's Exhibit 4. ECF No. 38. Petitioner did not oppose the request. Petitioner's Exhibit 4 consists of a Declaration of Warrant/Summons that was filed in the state justice court. ECF No. 26-4. Respondents contend the state court ordered these documents sealed in accordance with NRS § 239B.030 and Respondents wish to comply with the Nevada statute regarding the continued confidentiality of

the documents. ECF No. 38 at 2. Having reviewed and considered the matter in accordance with *Kamakana*, 447 F.3d at 1178, and its progeny, the Court finds there are no compelling reasons to seal Petitioner's Exhibit 4. However, because Exhibit 4 requires redaction, the Court will order the exhibit sealed and direct Petitioner to refile Exhibit 4 in full compliance with the redaction requirements contained in the Local Rules of Practice for the United States District Court for the District of Nevada. *See* D. Nev. R. IC 6-1(a).

**B. Petitioner's Exhibit 5**

Petitioner seeks leave to file under seal Petitioner's Exhibit 5 (ECF No. 28-1), which consists of an August 8, 2022, Presentence Investigation Report (PSI). ECF No. 27. Respondents did not oppose the request. Under Nevada law, the PSI is "confidential and must not be made a part of any public record." NRS § 176.156(5). The Court grants the request because it finds there is a compelling need to protect Petitioner's safety, privacy, and/or personal identifying information that outweighs the public interest in open access to the court records. *See Kamakana*, 447 F.3d at 1178.

**C. Respondents' Sealed Exhibit 4**

Respondents' motion seeking leave to file under seal Petitioner's Exhibit 4 (ECF No. 38), refers to Petitioner's Exhibit 4; however, the document filed by Respondents (ECF No. 39-1) is not the same as Petitioner's Exhibit 4 (ECF No. 26-4). The documents that Respondents filed as Exhibit 4 consist of arrest warrants, temporary custody cards, and a financial affidavit. ECF No. 39-1. The Court construes Respondents' motion to include a request for leave to file under seal Respondents' Sealed Exhibit 4. So construed, the Court finds no compelling reasons to seal Respondents' Exhibit 4. However, because Respondent's Exhibit 4 is already filed under seal and contains personal identifiers, the Court will direct Respondents to refile their Exhibit 4 in full

compliance with the redaction requirements under the Local Rules of Practice. *See* D. Nev. R. IC 6-1(a).

**D. Respondents' Sealed Exhibit 21**

Respondents request leave to file under seal Petitioner's Exhibit 21. ECF No. 38. Petitioner did not oppose the request. Exhibit 21 contains a Presentence Investigation Report dated August 14, 2019. ECF No. 39-2. Although Respondents' request refers to Petitioner's Exhibit 21, the Petitioner did not file an Exhibit 21. The Court construes Respondents' request as a request for leave to file under seal Respondents' Sealed Exhibit 21 (ECF No. 39-2). So construed, the Court grants the request because it finds there is a compelling need to protect Petitioner's safety, privacy, and/or personal identifying information that outweighs the public interest in open access to court records. *Kamakana*, 447 F.3d at 1178.

**II. Motions for Extension of Time**

Respondents previously requested a 45-day extension of time to file a response to the Amended Petition. ECF No. 29. Petitioner sought a 46-day extension of time to file an opposition to the Motion to Dismiss the Amended Petition. ECF No. 41. The Court finds there is good cause to grant the requests as they were made in good faith and not solely for the purpose of delay. Fed. R. Civ. P. 6(b)(1)(A); D. Nev. R. IA 6-1(a).

**III. Conclusion**

It is therefore Ordered that Petitioner's Motion for Leave to File Exhibit 5 Under Seal [ECF No. 27] is granted. As that exhibit (ECF No. 28-1) is already filed under seal, no further action is necessary.

It is further Ordered that Respondents' Motion for Leave to File Petitioner's Exhibit 4 under seal [ECF No. 38] is granted in part and denied in part.

It is further Ordered that the Court kindly directs the Clerk of Court to seal Petitioner's Exhibit 4 (ECF No. 26-4).

It is further Ordered that Petitioner has through August 28, 2026, to file a redacted version of his Exhibit 4 that fully complies with the redaction requirements of D. Nev. R. IC 6-1(a).

It is further Ordered that Respondents have through August 28, 2026, to file a redacted version of their Exhibit 4 (ECF No. 39-1) that fully complies with the redaction requirements of D. Nev. R. IC 6-1(a).

It is further Ordered that Respondents' Motion for Leave to file their Exhibit 21 under seal (ECF No. 38) is granted. As Exhibit 21 (ECF No. 39-2) is already filed under seal, no further action is necessary.

It is further Ordered that Respondents' Unopposed Motion for Enlargement of Time to File the Answer to the Amended Petition (First Request) [ECF No. 29] is granted *nunc pro tunc*. Respondents' Motion to Dismiss the Amended Petition (ECF No. 40) was filed within the time requested and is considered timely.

It is further Ordered that Petitioner's Unopposed Motion to Extend Time to File Opposition to Motion to Dismiss (First Request) [ECF No. 41] is granted *nunc pro tunc*. Petitioner's Opposition to Motion to Dismiss (ECF No. 42) was filed within the time requested and is considered timely.

Dated: July 29, 2026

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE