**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVEN CANONICO,

Petitioner,

v.

WILLIAMS, et al.,

Respondents.

Case No. 2:25-cv-01555-GMN-NJK

**ORDER**

**Introduction**

In this habeas action, Respondents move to dismiss Petitioner Steven Canonico's First Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition" (ECF No. 25)). ECF No. 40. Respondents contend the sole ineffective-assistance-of-counsel claim raised in the Petition must be dismissed as untimely because it does not relate back to the timely pro se petition, and, alternatively, must be dismissed as unexhausted.[1] *Id.* For the reasons explained below, the Court denies the Motion to Dismiss the First Amended Petition.

**Background**

In April of 2022, Canonico pleaded guilty, under the terms of a guilty plea agreement, to Residential Burglary, in Clark County, Nevada, Case No. C-22-364050-1. ECF No. 30-36. Canonico was sentenced as a small habitual criminal to eight to 20 years of imprisonment. ECF No. 32-5 at 3. Canonico's state direct appeal and state post-conviction proceedings were each dismissed as untimely. ECF Nos. 33-2; 34-4; 34-22.

[1] Canonico filed a response to the motion. ECF No. 42. Respondents did not file a reply and the time to do so has expired. *See* ECF No. 21.

On August 5, 2025, Canonico mailed or handed a federal habeas petition to a correctional officer for filing in the present action. ECF No. 17-1. This Court previously concluded Canonico's petition is timely. ECF No. 17 at 5–6. This Court appointed counsel and counsel filed a First Amended Petition. ECF No. 25.

**Discussion**

**A. Relation Back**

The First Amended Petition alleges trial counsel was ineffective in advising Canonico to plead guilty in violation of the right to effective assistance of counsel. ECF No. 25 at 5. Canonico alleges that counsel advised him to sign a guilty plea agreement to be sentenced to probation, without advising him that he was ineligible for probation. *Id.* at 5, 7–8. He contends that counsel's advice rendered his plea not knowing and voluntary. *Id.*

The parties agree that Canonico's counseled First Amended Petition is untimely. ECF Nos. 40 at 4; 42 at 2. Respondents contend the First Amended Petition must be dismissed as untimely because the sole claim of ineffective assistance of counsel raised in the Petition does not relate back to Canonico's timely pro se petition. ECF No. 40 at 4–5.

A new claim in an amended petition that is filed after the expiration of the AEDPA one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction, or occurrence" as a claim in the timely pleading. *See* Fed. R. Civ. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."). In *Mayle*, the Supreme Court held "[s]o long as the original and amended petitions state claims that are tied

to a common core of operative facts, relation back will be in order." *Id.* at 664. "[H]ence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *See id.* at 659 & n.5.

Pleadings filed by *pro se* litigants, "'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . ..'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (explaining that *pro se* litigant's pleadings are liberally construed and entitled to the benefit of any doubt). A court considers the contents of the original petition, not its form, *see Ross*, 950 F.3d at 1173 n.19, and applies liberally the relation-back doctrine. *See Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259, n.29 (9th Cir. 1982).

Determining "whether an amended petition relates back to an original petition that relied on an appended written instrument to help set forth the facts on which it based its claims" requires a two-step analysis. *See Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020) (en banc). First, a court must "determine what claims the amended petition alleges and what core facts underlie those claims." *Id.* Second, "for each claim in the amended petition," a court must examine "the body of the original petition and its exhibits" to see whether the pleading set out or attempted to set out "a corresponding factual episode," or "whether the claim is instead supported by facts that differ in both time and type" from those in the original petition. *Id.*

Relation back does not require the "facts in the original and amended petitions be stated in the same level of detail." *Id.* at 1168. "If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a [written instrument]

that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back." *Ross*, 950 F.3d at 1167. On the other hand, "[i]f an exhibit to the original petition includes facts unrelated to the grounds for relief asserted in that petition, those facts were not 'attempted to be set out' in that petition and cannot form a basis for relation back." *Id.* at 1168.

In Canonico's original pro se petition, he alleged his counsel was ineffective in violation of the Fifth, Sixth, and Fourteenth Amendments. ECF No. 17-1 at 3. He alleged that he agreed to plead guilty to Burglary based on his counsel's advice that the parties stipulated Canonico would receive a fine and no jail time, i.e., time served. *Id.* at 3, 7. He alleged counsel "never once" explained to him that he could be facing "habitual treatment." *Id.* He alleged that, had he been so advised, he would never have signed the plea agreement. *Id.* He alleged the plea must be set aside because he signed the plea agreement "unknowingly and unvoluntarily [sic]" as he was never advised of "the range of possible punishments that could flow from his plea and the record is utterly devoid of any indication that the defendant understood the consequences of pleading guilty." *Id.* at 5. He contended that, because counsel did not explain the sentencing possibilities, he was "blind-sided at sentencing." *Id.* at 3–4. Canonico attached to his pro se petition a copy of the state court's minutes dated April 21, 2022. *Id.* at 17. Those minutes convey: "Mr. Smith indicated there is a stipulation in this matter, if the Defendant pays $5,300 prior to sentencing, then he will be sentenced to credit time served, and if not then will be placed on probation." *Id.*

The Court concludes the claim in the First Amended Petition—that trial counsel was ineffective in advising Canonico to sign a guilty plea agreement to be sentenced to probation, without advising him that he was ineligible for probation, and rendering his plea not knowing and voluntary—relates back to the original pro se petition. Although it is a new claim, it arises

out of "the same conduct, transaction, or occurrence" as the claim in the timely pro se petition. *See* Fed. R. Civ. P. 15(c)(1)(B); *Mayle*, 545 U.S. at 650. Moreover, the claim in the First Amended Petition is tied to a common core of operative facts that do not differ in both time and type from those alleged in the original petition. The original and amended petitions allege claims concerning the same transaction, i.e., counsel's advice regarding sentencing if Canonico entered into the plea agreement. The petitions allege that the plea was not given knowingly and voluntarily because counsel gave Canonico erroneous advice about his possible range of punishment. The original and amended petitions allege facts to support the claims raised in those petitions, including that counsel erroneously advised Canonico that, under the terms of the plea agreement, he would receive no jail (time served) and was eligible for probation. *See* ECF Nos. 17-1 at 3, 7, 17; 25 at 5, 7–8. The Court concludes the ineffective-assistance-of-counsel claim raised in the First Amended Petition merely adds "a new legal theory tied to the same operative facts as those initially alleged," and therefore relates back and is timely. *See Mayle*, 545 U.S. at 659 & n.5. Accordingly, the Motion to Dismiss the Amended Petition as untimely is denied.

**B. Exhaustion and Procedural Default**

The parties concede the claim in the First Amended Petition is unexhausted. ECF Nos. 25 at 5; 40 at 5–7. Respondents contend that, unless Canonico affirmatively asserts that he has no remedies available in state court to address his unexhausted claims, this Court should dismiss the First Amended Petition because its sole claim is unexhausted. ECF No. 40 at 7–8. Canonico affirmatively asserts that he has no remedies available to address his claim in state court. ECF No. 42 at 4–5. He further argues that the claim in the First Amended Petition is technically exhausted by procedural default. ECF No. 42 at 4–8. He contends that he can overcome the default under *Martinez v. Ryan*, 566 U.S. 1 (2012). *Id. See also*, *Martinez*, 566 U.S. at 17

("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective").

Because the analysis of prejudice under *Martinez* is necessarily intertwined with the merits of the claim in the First Amended Petition, the Court defers consideration whether Canonico can overcome the procedural default of his claim of ineffective assistance of counsel until after the parties have submitted their briefs on the merits of the Petition.

**Conclusion**

It is therefore Ordered that Respondents' Motion to Dismiss the First Amended Petition (ECF No. 40) is denied. The Court defers its determination whether Petitioner Steven Canonico can establish cause and prejudice to overcome the procedural default of his claim in the First Amended Petition until the time of its decision on the merits.

It is further Ordered that Respondents have 60 days after service of this Order to file their answer to the First Amended Petition. Canonico will then have 30 days following filing of an answer to file a reply. *See* ECF No. 21.

Dated: October 2, 2026

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE